IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
HELENA DIVISION

| | |
|---|---|
| NEAL LEWIS GRAY, | CV 17-00083-H-BMM-JTJ |
| Plaintiff, | |
| vs. | ORDER AND FINDINGS AND RECOMMENDATIONS OF UNITED STATES MAGISTRATE JUDGE |
| WARDEN MICHEAL FLETCHER, A.W. WILSON, A.W. BEESON, CAPTAIN ZUBER, MARISA BOSTWICK, ANNA KROGSTAD, DAVID HARRIS, C/O HARDING, AMIE DANIALS, and KARLA IVIE, | |
| Defendants. | |

Plaintiff Neal Gray filed a Complaint alleging Defendants retaliated against him in violation of the First Amendment to the United States Constitution.[1]  (Doc. 2.)  Mr. Gray's filings have been screened in accordance with 28 U.S.C. §§ 1915, 1915A and the Court concludes that Mr. Gray has sufficiently stated a retaliation claim under the First Amendment against Defendants Harris and Harding.  These claims will be served upon these Defendants.  Mr. Gray's allegations against Defendants Bostwick, Krogstad, Ivie, Fletcher, Wilson, Beeson, Reich, Zuber, and

---

[1]Mr. Gray also raises his claims under the Fifth Amendment but the Fifth Amendment applies only to the federal government and is not applicable to Mr. Gray's claims against state officials and agencies.  *Bingue v. Prunchak*, 512 F.3d 1169, 1175 (9th Cir. 2008).

Daniels are insufficient to state a claim and will be recommended for dismissal.

## I. STATEMENT OF THE CASE

### A.   Parties

Mr. Gray is a state prisoner proceeding in forma pauperis and without counsel.  He is incarcerated at Montana State Prison.  He names the following Defendants:  Warden Michael Fletcher, Associate Warden Thomas Wilson, Associate Warden Myron Beeson, Captain Zuber, Correctional Officer Harding, Head of Education Marisa Bostwick; Educator Anna Krogstad, Unit Manager Amie Daniels, Disciplinary Officer Karla Ivie, and Corrections Officer David Harris.  (Complaint, Doc. 2-1.)  In the Defendants section of the Complaint, Mr. Gray mentions Billie Reich.  (Complaint, Doc. 2 at 6.)

### B.  Factual Allegations

On February 22, 2017, Mr. Gray was called to low support and handed back a grievance he had written against Marisa Bostwick.  Officer David Harris threatened to send him to the hole and told him he would disappear there.  Mr. Gray alleges Defendants Bostwick, Krogstad, and Ivie witnessed Officer Harris tell him he would disappear.

Mr. Gray alleges Captain Zuber, Wilson, Beeson, Billie Reich, Amie Danials, and Karla Ivie have all been trying to cover-up the events that took place

2

and retaliate against "us" for using the grievance system and exposing an illegal transaction between Marisa Boswick and another inmate.

He also alleges that later that day Officer Harding wrote him up and was yelling at him for talking on the upper tier but would not do so to other inmates for the same thing.  (Complaint, Doc. 2 at 6.)  He suggests that these actions were taken in retaliation for his grievance activities.

## II.  SCREENING PURSUANT TO 28 U.S.C. § 1915 and § 1915A

### A.  Standard

Mr. Gray is a prisoner proceeding in forma pauperis so the Court must review his Complaint under 28 U.S.C. § 1915 and § 1915A.  Sections 1915A(b) and 1915(e)(2)(B) require the Court to dismiss a complaint filed in forma pauperis and/or by a prisoner against a governmental defendant before it is served if it is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief.

A complaint is frivolous if it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).  "A case is malicious if it was filed with the intention or desire to harm another." *Andrews v. King*, 398 F.3d 1113, 1121 (9th Cir. 2005).  A complaint fails to state a claim upon which relief may be granted if a plaintiff fails to allege the "grounds" of his "entitlement to

3

relief." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quotation omitted).

Rule 8 of the Federal Rules of Civil Procedure provides that a complaint "that states a claim for relief must contain . . . a short and plain statement of the claim showing that the [plaintiff] is entitled to relief." Fed.R.Civ.P. 8(a)(2).  This rule requires a complaint to "contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotations omitted).  A complaint's allegations must cross "the line from conceivable to plausible." *Id.* at 680.

There is a two-step procedure to determine whether a complaint's allegations cross that line. *Twombly*, 550 U.S. at 556; *Iqbal*, 556 U.S. 662.  First, the Court must identify "the allegations in the complaint that are not entitled to the assumption of truth." *Iqbal*, 556 U.S. at 679, 680.  Factual allegations are not entitled to the assumption of truth if they are "merely consistent with liability," or "amount to nothing more than a 'formulaic recitation of the elements' of a constitutional" claim. *Id.* at 679, 681.  A complaint stops short of the line between probability and the possibility of relief where the facts pled are merely consistent with a defendant's liability. *Id.* at 678.

Second, the Court must determine whether the complaint states a

4

"plausible" claim for relief. *Iqbal*, 556 U.S. at 679. A claim is "plausible" if the factual allegations, which are accepted as true, "allow[ ] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 678. This inquiry is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 679 (citation omitted). If the factual allegations, which are accepted as true, "do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not "show[n]"—"that the pleader is entitled to relief." *Id.* (*citing* Fed.R.Civ.P. 8(a)(2)).

"A document filed *pro se* is 'to be liberally construed,' and 'a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers.'" *Erickson v. Pardu*, 551 U.S. 89, 94 (2007); *cf.* Fed. Rule Civ. Proc. 8(e) ("Pleadings must be construed so as to do justice").

## B. Analysis

### 1. Defendants Harris and Harding

To establish a claim for retaliation in violation of the First Amendment in the prison context, a plaintiff must show: 1) a prison official took adverse action against him because of his protected conduct, 2) that action chilled his exercise of

5

his constitutional rights, and 3) the action did not advance a legitimate correctional goal. *Wood v. Beauclair*, 692 F.3d 1041, 1051 (9th Cir. 2012) *citing Rhodes v. Robinson*, 408 F.3d 559, 567-68 (9th Cir. 2005). The adverse action need not be an independent constitutional violation. *Pratt v. Rowland*, 65 F.3d 802, 806 (9th Cir. 1995).

The prisoner plaintiff must show that the type of activity in which he was engaged was constitutionally protected, that the protected conduct was a substantial or motivating factor for the alleged retaliatory action, and that the retaliatory action advanced no legitimate penological interest. *Hines v. Gomez*, 108 F.3d 265, 267–68 (9th Cir. 1997) (inferring retaliatory motive from circumstantial evidence). Retaliatory motive may be shown by the timing of the allegedly-retaliatory act and other circumstantial evidence, as well as direct evidence. *Bruce v. Ylst*, 351 F.3d 1283, 1288–89 (9th Cir. 2003). However, mere speculation that defendants acted out of retaliation is not sufficient. *Wood v. Yordy*, 753 F.3d 899, 904 (9th Cir. 2014) (citing cases) (affirming grant of summary judgment where there was no evidence that defendants knew about plaintiff's prior lawsuit, or that defendants' disparaging remarks were made in reference to prior lawsuit).

Mr. Gray's allegations are sufficient to state a claim that Defendants Harris

and Harding retaliated against him for exercising his right to seek redress through the prison grievance system in violated of his First Amendment rights. These Defendants will be required to respond to this claim.

### 2.   Defendants Bostwick, Krogstad, Ivie, Zuber, Wilson, Beeson, Reich, Daniels, and Fletcher

Mr. Gray's claims against Defendants Bostwick, Krogstad, Ivie, Zuber, Wilson, Beeson, Reich, Daniels, and Fletcher, however, fail to state a claim upon which relief may be granted. Mr. Gray only alleges that Defendants Bostwick, Krogstad and Ivie witnessed Defendant Harris threatening Mr. Gray. He does not allege that they themselves took any actions or made any threats against Mr. Gray.

Mr. Gray makes only conclusory allegations against Defendants Zuber, Wilson, Beeson, Reich, Daniels and Fletcher claiming that they have been trying to cover-up the events that took place and retaliate against him. He provides no facts to support his retaliation claims against these Defendants. It appears from the documents attached to the Complaint that the only actions these individuals may have taken was in the processing of Mr. Gray's grievances regarding the alleged retaliation. However, a defendant's actions in responding to an inmate appeal, alone, cannot give rise to any claims for relief under section 1983 for violation of due process. "[A prison] grievance procedure is a procedural right

7

only, it does not confer any substantive right upon the inmates." *Buckley v. Barlow*, 997 F.2d 494, 495 (8th Cir. 1993) (*citing Azeez v. DeRobertis*, 568 F. Supp. 8, 10 (N.D. Ill. 1982)); *see also Ramirez v. Galaza*, 334 F.3d 850, 860 (9th Cir. 2003) (no liberty interest in processing of appeals because no entitlement to a specific grievance procedure); *Mann v. Adams*, 855 F.2d 639, 640 (9th Cir. 1988).

Mr. Gray has no liberty interest in the manner in which his grievances were processed. As such, actions in reviewing a prisoner's grievances or grievances appeals, without more, are not actionable under § 1983. *Ramirez*, 334 F.3d at 860. Defendants Zuber, Wilson, Beeson, Reich, Daniels, and Fletcher should be dismissed.

## III. CONCLUSION

The Court has considered whether Mr. Gray's Complaint is frivolous, malicious, fail to state a claim, or seek solely monetary relief from a defendant who is immune. *See* 28 U.S.C. §§ 1915(e)(2), 1915A(b). Mr. Gray's First Amendment retaliation claims are sufficient to state a claim against Defendants Harris and Harding. These Defendants will be required to respond to these claims.

Mr. Gray's claims against Defendants Bostwick, Krogstad, Ivie, Zuber, Wilson, Beeson, Reich, Daniels, and Fletcher should be dismissed for failure to state a claim.

Based upon the foregoing, the Court issues the following:

**ORDER**

1.  Pursuant to Fed. R. Civ. P. 4(d), the Court will request Defendants Harris and Harding to waive service of summons of Mr. Gray's Complaint (Doc. 2) by executing, or having counsel execute, the Waiver of Service of Summons.  The Waivers must be returned to the Court within **thirty (30) days of the entry date of this Order as reflected on the Notice of Electronic Filing**.  If these Defendants choose to return the Waiver of Service of Summons, their answer or appropriate motion will be due within **60 days of the entry date of this Order as reflected on the Notice of Electronic Filing**, pursuant to Fed. R. Civ. P. 12(a)(1)(B).  *See also* 42 U.S.C. § 1997e(g)(2).

2.  The Clerk of Court shall e-mail the following documents to Legal Counsel for the Montana Department of Corrections:

*       Complaint (Doc. 2);
*       this Order;
*       a Notice of Lawsuit & Request to Waive Service of Summons; and
*       a Waiver of Service of Summons.

Counsel for the Montana Department of Corrections will not be served with a hard copy of these documents.

3.  Any party's request that the Court grant relief, make a ruling, or take an

action of any kind must be made in the form of a motion, with an appropriate

caption designating the name of the motion, served on all parties to the litigation,

pursuant to Federal Rules of Civil Procedure 7, 10, and 11.  If a party wishes to

give the Court information, such information must be presented in the form of a

notice.  The Court will not consider requests made or information presented in

letter form.

4.  Mr. Gray <u>shall not</u> make any motion for default until at least seventy (70)

days after the date of this Order.

5.  Pursuant to Local 26.1(d) "no party may begin discovery until a

scheduling order has been issued."

6.  At all times during the pendency of this action, Mr. Gray must

immediately advise the Court and opposing counsel of any change of address and

its effective date.  Failure to file a notice of change of address may result in the

dismissal of the action for failure to prosecute pursuant to Fed.R.Civ.P. 41(b).

Further, the Court issues the following:

## RECOMMENDATION

Defendants Bostwick, Krogstad, Ivie, Zuber, Wilson, Beeson, Reich,

Daniels, and Fletcher should be DISMISSED.

10

## NOTICE OF RIGHT TO OBJECT TO FINDINGS &
## RECOMMENDATIONS AND CONSEQUENCES OF FAILURE TO OBJECT

Mr. Gray may file objections to these Findings and Recommendations within fourteen (14) days after service (mailing) hereof.[2]  28 U.S.C. § 636.  Failure to timely file written objections may bar a de novo determination by the district judge and/or waive the right to appeal.

This order is not immediately appealable to the Ninth Circuit Court of Appeals.  Any notice of appeal pursuant to Fed.R.App.P. 4(a), should not be filed until entry of the District Court's final judgment.

DATED this 31st day of January, 2018.

_/s/ John Johnston_____
John Johnston
United States Magistrate Judge

---

[2]As this deadline allows a party to act after the Findings and Recommendations is "served," it falls under Fed.R.Civ.P. 6(d).  Therefore, three (3) days are added after the period would otherwise expire.

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
HELENA DIVISION

| | |
|---|---|
| NEAL LEWIS GRAY, | CV 17-00083-H-BMM-JTJ |
| Plaintiff, | |
| vs. | Rule 4 Notice of a Lawsuit and Request to Waive Service of Summons |
| WARDEN MICHEAL FLETCHER, A.W. WILSON, A.W. BEESON, CAPTAIN ZUBER, MARISA BOSTWICK, ANNA KROGSTAD, DAVID HARRIS, C/O HARDING, AMIE DANIALS, and KARLA IVIE, | |
| Defendants. | |

TO:   Legal Counsel for the Montana
        Department of Corrections
        P.O. Box 201301
        Helena, MT 59620-1301

A lawsuit has been filed against individuals you may represent in this Court under the number shown above. A copy of the Complaint (Doc. 2) is attached.

This is not a summons or an official notice from the court. It is a request that, to avoid the cost of service by the U.S. Marshals Service, you waive formal service of a summons by signing and returning the enclosed waiver. To avoid these expenses, you must file the signed waiver within 30 days from the date shown below, which is the date this notice was sent.

1

If you file the signed waiver, the action will then proceed as if Defendants

Harris and Harding were served on the date the waiver is filed, but no summons

will be served on these Defendants and they will have 60 days from the date this

notice is sent (see the date below) to answer the Complaint.

If you do not return the signed waiver within the time indicated, the Court

will order the U.S. Marshals Service to serve the summons and Complaint on

Defendants Bostwick, Krogstad, Harris, Ivie, and Harding and may impose the full

costs of such service.

Please read the statement below about the duty to avoid unnecessary

expenses.

DATED this 31st day of January, 2018.


    */s/ John Johnston*
John Johnston
United States Magistrate Judge


**Duty to Avoid Unnecessary Expenses of Serving a Summons**

Rule 4 of the Federal Rules of Civil Procedure requires certain defendants to

cooperate in saving unnecessary expenses of serving a summons and complaint.  A

defendant who is located in the United States and who fails to return a signed

waiver of service requested by a plaintiff located in the United States will be

2

required to pay the expenses of service, unless the defendant shows good cause for the failure.

"Good cause" does not include a belief that the lawsuit is groundless, or that it has been brought in an improper venue, or that the court has no jurisdiction over this matter or over the defendant or the defendant's property.

If the waiver is signed and returned, you can still make these and all other defenses and objections, but you cannot object to the absence of a summons or of service.

If you waive service, then you must, within the time specified on the waiver form, serve an answer or a motion under Rule 12 on the plaintiff and file a copy with the court.  By signing and returning the waiver form, you are allowed more time to respond than if a summons had been served.

3

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
HELENA DIVISION

| | |
|---|---|
| NEAL LEWIS GRAY, | CV 17-00083-H-BMM-JTJ |
| Plaintiff, | |
| vs. | Rule 4 Waiver of Service of Summons |
| WARDEN MICHEAL FLETCHER, A.W. WILSON, A.W. BEESON, CAPTAIN ZUBER, MARISA BOSTWICK, ANNA KROGSTAD, DAVID HARRIS, C/O HARDING, AMIE DANIALS, and KARLA IVIE, | |
| Defendants. | |

TO:   The U.S. District Court for the District of Montana

The following Defendants acknowledge receipt of your request to waive service of summons in this case.  Defendants also received a copy of the Complaint (Doc. 2).  I am authorized by the following Defendants to agree to save the cost of service of a summons and an additional copy of the Complaint in this action by not requiring that the following individuals be served with judicial process in the case provided by Fed.R.Civ.P. 4:

_____;  _____;

_____;  _____;

1

The above-named Defendants understand that they will keep all defenses or objections to the lawsuit, the Court's jurisdiction, and the venue of the action, but waive any objections to the absence of a summons or of service.

Defendants also understand that they must file and serve an answer or a motion under Rule 12 within 60 days from the date when the Request for Waiver of Service of Summons was filed and if they fail to so default judgment will be entered against them.

Date: _____

_____
(Signature of the attorney
or unrepresented party)

_____
(Printed name)

_____
(Address)

_____
(E-mail address)

_____
(Telephone number)

2